**John H. BRINK, W. B. Nash, E. E. Wood, H. L. Parker, W. B. Seltzer, W. F. Kemp, M. F. Hort, and pilots in the employ of Pan American World Airways, Inc., similarly situated, Appellants, v. PAN AMERICAN WORLD AIRWAYS, Inc., Thomas J. Flanagan, et al., and Air Line Pilots Association, International, Respondents.**

No. 164, Docket 22210.

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1952.

Decided Feb. 5, 1952.

Kaplan, Axelrod & Jaffe and Bernard Jaffe, all of New York City, for appellants.

John C. Pirie, New York City, for Pan American World Airways, Inc., respondent.

Charles F. Zokvic, Miami, Fla., for Thomas J. Flanagan et al., respondents.

Cohen & Weiss and Henry Weiss, all of New York City, for Airline Pilots Ass'n.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

PER CURIAM.

Affirmed on opinion of Byers, J., 98 F. Supp. 135.

**Josephine FILOTEI v. UNITED STATES STEEL COMPANY, a Corporation Formerly Carnegie-Illinois Steel Corporation, Appellant.**

No. 10536.

United States Court of Appeals
Third Circuit.

Argued Feb. 5, 1952.

Decided Feb. 15, 1952.

See also 187 F.2d 485.

Ira R. Hill, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Hymen Schlesinger, Pittsburgh, Pa., for appellee.

Before GOODRICH and HASTIE, Circuit Judges and MODARELLI, District Judge.

PER CURIAM.

This is an appeal from a judgment in admiralty for the libellant in a suit for maintenance and cure. The sole question involved in the appeal is whether the libellant is entitled to retain the award for maintenance and cure made by the District Court. We think she is.

The respondent argues that libellant should have gone to the United States Marine Hospital in Pittsburgh for treatment and that her failure to do so prevents her from securing maintenance and cure. The short answer is that she had been discharged from that hospital. The respondent also argues that there is no evidence showing libellant's need for medical care during the period covered by the award. This is squarely contradicted by the trial judge's finding of fact No. 9 which is supported by substantial evidence on the record as a whole.

The judgment is affirmed, 98 F.Supp. 174.